Case 1:21-cv-04895-JSR   Document 104-2   Filed 11/16/21   Page 1 of 4

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LARUSSON** ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. **21-cv-4895** |
| **BIDDLE** ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Apple Inc., R/A C T Corporation System 330 N Brand Blvd., Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

*See* Attachment A

| Place: | Werge Law Group<br>1627 Vine Street Ste. 200<br>Denver, CO 80206<br>tom@werge.law; shelby@werge.law<br>electronic production is requested (see Attachment A) | Date and Time: on or before<br>December 8, 2021, at 5:00pm |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* <u>Plaintiff Arni Larusson</u>, who issues or requests this subpoena, are:

| Thomas E.M. Werge | 1627 Vine Street Ste. 200 | 720.507.5008 |
| Werge Law Group | Denver, CO 80206 | tom@werge.law |
| | | |
| Penn Dodson, Esq. | 11 Broadway, Suite 615 | 212.961.7639 |
| AndersonDodson, P.C. | New York, NY 10004 | penn@andersondodson.com |

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

*Larusson v. Biddle*, Case No. 21-cv-4895
**ATTACHMENT A**
Subpoena of Documents to Apple Inc., and Associated
Apple Media Services, iTunes, Apple Music, and Shazam

Please provide documents reflecting all revenues and royalties for the works listed below of Jeremy Biddle a/k/a Yung Bleu a/k/a Bleu Vandross ("Defendant's Works"). Your response should include but not be limited to, all revenue, royalty, and publishing reports (if any), all allocations, contracts, and distributions, including each payment issued to and/or accrued on behalf of any party. This subpoena is limited to the time period of January 1, 2018 through the date of your response.

Defendant's Works:

   a. Albums / EPs:
      i. Investments 5 Album, by Yung Bleu; as may be referenced as UPC No. 5056407904088
      ii. Bleu Money, by Yung Bleu; as may be referenced as UPC No. 5056407905320
   b. Songs / Singles:
      i. "Hoop Dreams" as may be referenced as ISRC GBLLT2009770, BMI No. 28797666, and ASCAP No. 894815489;
      ii. "We All We Got" as may be referenced as ISRC GBLLT2009768, BMI No. 28797664, and ASCAP No. 894815582;
      iii. "Wanna Fuck" as may be referenced as ISRC GBLLT2009773, BMI No. 28797677, and ASCAP No. 894815581;
      iv. "Plotting"[1] as may be referenced as ISRC GBLLT2009778;
      v. "Smooth Operator" as may be referenced as ISRC GBLLT2009767, BMI No. 28797669, and ASCAP No. 894396343;
      vi. "The Plan" as may be referenced as ISRC USUYG1344722;
      vii. "Old Me"[2] as may be referenced as ISRC USUYG1344721 and BMI No. 28797641;
      viii. "My Boys,"
      ix. "Bought a Patek" as may be referenced as ISRC GBLLT2009780, BMI No. 28797680, and ASCAP No. 894815483;
      x. "Miss It" as may be referenced as ISRC USSM11706953, BMI No. 26768516, and ASCAP No. 899593105;
      xi. "Ice on My Baby" as may be referenced as ISRC USSM11803910 and BMI No. 41903562;
      xii. and "Ice On My Baby (Remix)" as may be referenced as ISRC USSM11807083 and BMI No. 30314305.

Form of Production:

- Please make your production by digital means, via third-party document solution (e.g., GoogleDrive, OneDrive, or DropBox), or email in increments of 15MB or less, to both tom@werge.law and shelby@werge.law. If such electronic production is not possible, you may download the documents to a flash drive and send them to Werge Law Group, 1627 Vine Street Ste. 200 Denver, CO 80206
- If any of the above information is in your possession in an electronic format that is in Excel or can be exported to Excel, or for which a native copy of the document would be more appropriate, please also provide copies of all such documents in native formats (.xls or .xlsx for Excel).

---

[1] And the alternate title "Plottin"
[2] And the alternate title "Bleu Money" or Old Me (feat. Moneybagg Yo)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ARNI LARUSSON** P/K/A **ICE STARR**,<br><br>Plaintiff,<br><br>v.<br><br>**JEREMY BIDDLE**, a/k/a Yung Bleu et al.,<br><br>Defendants. | Case No. 21-cv-4895<br><br>**DECLARATION OF APPLE INC. CERTIFYING RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)** |

Name of Organization or Business: _____

Address: _____

City/State/Zip Code: _____

Telephone Number: _____

Subject Matter of the Records: _____

Description or Bates Number Range

of the Attached Records: _____

Number of Pages: _____

Date Range of the Records: _____

I am over 18 years of age, of sound mind, and otherwise competent to make this Certification. I am the custodian of the attached records, or I am an employee familiar with the manner and process in which these records are created and maintained by virtue of my duties and responsibilities. I submit this certification in support of the records described above and attached here:

1) The records were made at or near the time of the events set forth therein by people with knowledge of those matters.
2) It was the regular practice of the business activity to make the records.
3) The records were kept in the regular course of business activity.

I, _____, declare under penalty of perjury that the foregoing is true and correct.[3]

Executed on the \_\_\_ day of _____, 2021, at _____, _____.
                           [day]        [month]                        [city]         [state]

Signature: _____

Print Name: _____

Job Title or Position: _____

---

[3] Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him. 28 U.S.C.A. § 1746 (West).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).